IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN LAVERNE MCCLISH | § | |
| | § | |
| V. | § | A-14-CV-1047-AWA |
| | § | |
| CAROLYN W. COLVIN, | § | |
| COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION | § | |

**MEMORANDUM OPINION AND ORDER OF REMAND**

After consideration of Defendant's Unopposed Motion to Reverse with Remand and Enter Judgment (Dkt. No. 18), the Court finds that the Motion is well-taken and should be granted. Therefore, the Court, **ORDERS** the above-captioned matter **REVERSED** and **REMANDED** under the fourth sentence of 42 U.S.C. § 405(g) to the Commissioner of Social Security for the purpose of conducting further administrative proceedings.

On remand, an Administrative Law Judge (ALJ) will reconsider step five of the sequential evaluation process, including whether McClish has transferable skills. The ALJ did not consider that McClish attained age 55 and "advanced-age" status in September 2010, or how McClish's advanced-age status affected a step five decision (Tr. 8-18, 58, 73, 210, 217). *See* 20 C.F.R. §§ 404.1563(e), 416.963(e) (explaining that advanced age significantly affects a person's ability to adjust to other work). Therefore, upon remand, an ALJ will consider McClish's advanced age, and obtain supplemental vocational expert testimony to determine whether McClish has transferable job skills. *See* 20 C.F.R. §§ 404.1568(d)(4), 416.968(d)(4)(explaining that if a claimant is "of advanced age" and limited to no more than light work, "we will find that you cannot make an adjustment to other work unless you have skills that you can transfer to other skilled or semiskilled work," or "you

have recently completed education which provides for direct entry into skilled work"); SSR 82-41, 1982 WL 31389, at *7 ("When the issue of skills and their transferability must be decided, the adjudicator orALJ is required to make certain findings of fact and include them in the written decision").

A district court remanding a case pursuant to sentence four of § 405(g) must enter judgment in the case, and may not retain jurisdiction over the administrative proceedings on remand. *Shalala v. Shaefer*, 509 U.S. 292, 297 (1993); *Istre v. Apfel*, 208 F.3d 517, 520-521 (5th Cir. 2000) (a sentence four remand must include a substantive ruling affirming, modifying or reversing the Secretary's decision). Therefore, IT IS FURTHER ORDERED that the Clerk ENTER JUDGMENT in this case on behalf of the Plaintiff and that the Clerk's Office CLOSE this cause of action.

SIGNED this 6th day of August, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE